# EXHIBIT A

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NICOLE DANIELS,

    Plaintiff,

v.

DELTA AIR LINES, INC.,
a foreign corporation,

    Defendant.

Case No. 21-_____-NO

Hon.

_____/
Arvin J. Pearlman (P18743)
Benjamin J. Wilensky (P75302)
Attorneys for Plaintiff
One Towne Square, 17th Floor
Southfield, MI 48076
(248) 355-0300
(248) 936-2144 (fax)
apearlman@sommerspc.com
bwilensky@sommerspc.com
_____/

## COMPLAINT

There is no other pending or resolved civil action arising out of
the same transaction or occurrence as alleged in the complaint.

/s/ Benjamin J. Wilensky (P75302)

Plaintiff Nicole Daniels, by and through her counsel, Sommers Schwartz, P.C., complains of the Defendant, Delta Air Lines, Inc., as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Nicole Daniels is a resident of Taylor, Wayne County, Michigan.

2. Defendant Delta Air Lines is a Delaware corporation with its registered office in East Lansing, Ingham County, Michigan.

3. At all times relevant herein, Defendant was doing business in Wayne County, Michigan.

4. The amount in controversy herein exceeds $25,000, exclusive of interest, costs, and attorney fees.

5. Venue is proper pursuant to M.C.L. § 600.1629 in that Defendant conducts business in Wayne County, and the incident complained of occurred in Wayne County.

## COMMON ALLEGATIONS

6. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

7. On January 25, 2020, Plaintiff was employed at Detroit Metropolitan Airport by Prospect Airport Services, and her primary job duty was to load aircraft with drinks and food for passengers.

8. On that date, she reported to work at approximately 6:30 a.m.

9. At approximately 6:40 a.m., she was tasked to load food and beverages on an aircraft owned and/or operated by Defendant.

10. At that time, she arrived at the aircraft on her loading truck, and went onto the truck's platform to load the food and beverages on the aircraft.

11. Plaintiff could see through the aircraft windows that the interior was dark.

12. Plaintiff was working in tandem with a co-worker, who instructed her to open the aircraft door.

13. The aircraft door is designed to release after turning the handle in a clockwise direction.

14. Plaintiff did so, but the door released forcefully with a sudden and unexpected pop.

15. Upon information and belief, the door released with substantial force because the cabin was left pressurized by Defendant, likely either by the flight or ground crew.

16. Plaintiff did not have any indication that the aircraft cabin was pressurized, and Defendant did not leave any warning that the cabin was pressurized and/or that the door would release forcefully.

17. The door struck Plaintiff with significant force on her right forehead, and caused her neck to snap back.

18. If the cabin was not pressurized, the aircraft door was maintained in an unsafe manner such that it malfunctioned by opening with unexpected force sufficient to cause severe injury.

19. As a result of the foregoing, Plaintiff suffered traumatic injuries to her head and neck, and suffered a closed-head injury.

20. As a further result of the foregoing, Plaintiff has suffered neurological problems, including but not limited to brain seizures.

21. As a further result of the foregoing, Plaintiff suffered a pinched nerve in her neck, which caused significant pain in her neck and arm.

22. As a further result of the foregoing, Plaintiff required fusion surgery at C5-C6.

23. As a further result of the foregoing, Plaintiff has endured (and continues to endure) significant physical pain and suffering, and emotional distress.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

24. As a further result of the foregoing, Plaintiff has been unable to return to her job at Prospect Airport Services, and has suffered loss of wages and earning capacity.

25. As a further result of the foregoing, Plaintiff has been forced to undergo extensive medical treatment, and is likely to require further treatment.

## COUNT I:
## NEGLIGENCE

26. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

27. At all relevant time, Defendant and its employees/agents owed a duty of reasonable care to Plaintiff.

28. The injuries sustained by Plaintiff, as described above, were caused by the breach of that duty by Defendant, through its employees/agents, including but not limited to in the following particulars:

    a. Pressurizing the cabin of a parked aircraft with no justification;

    b. Failing to train its employees not to pressurize parked aircraft and/or to depressurize the aircraft when maintenance crews would need to access the aircraft;

    c. Failing to depressurize the cabin before Plaintiff had to work on the aircraft;

    d. Failing to warn Plaintiff that the cabin was pressurized and/or that the door would open forcefully;

    e. Leaving the aircraft in a manner that unreasonably endangered Plaintiff;

    f. If the cabin was not pressurized, improperly maintaining the door such that it opened with unexpected force sufficient to cause serious injury;

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

    g. Otherwise failing to provide adequate warnings to prevent injury;

    h. Failing to correct or prevent the existence of said dangerous conditions when it was known, or through the exercise of due care it should have been known that said conditions were a safety hazard for Plaintiff and others;

    i. Failing to properly supervise and oversee the condition of the aircraft, so as to prevent it from becoming unsafe and injure Plaintiff;

    j. Failing to make a reasonable inspection of the aircraft, and correct dangerous conditions that would have been discovered during such an inspection; and

    k. Failing to exercise due care for the rights, safety, and protection of those who were required to work on the aircraft, including Plaintiff.

29. Defendant is vicariously liable in *respondeat superior* for the negligence of its employees or agents that caused injury to Plaintiff.

30. As a result of Defendant's negligence, Plaintiff suffered injuries and losses, including those described above.

31. Plaintiff further claims damages for any and all losses, damages, and expenses that she may be entitled to recover under the law, as a result of wrongful acts and breaches of duty by Defendant.

WHEREFORE, Plaintiff Nicole Daniels claims judgment against Defendant Delta Air Lines, Inc., in an amount exceeding $25,000, together with costs, interest, and attorney fees so wrongfully incurred.

## COUNT II:
## NEGLIGENCE VIA RES IPSA LOQUITUR

32. Plaintiff incorporates all preceding paragraphs as though fully restated herein.

33. The event by which Plaintiff was injured, i.e., the aircraft door opening with force sufficient to cause serious injury to her, is of a kind which ordinarily does not occur in the absence of negligence.

34. The aircraft and its door were within the exclusive control of the Defendant.

35. Plaintiff's injuries were not the result of any voluntary action or contribution on her part.

36. Evidence of the true explanation for why the door opened with unexpected force sufficient to cause serious injury is more readily accessible to this Defendant than it is to Plaintiff.

37. As a result of Defendant's negligence, Plaintiff suffered injuries and losses, including those described above.

38. Plaintiff further claims damages for any and all losses, damages, and expenses that she may be entitled to recover under the law, as a result of wrongful acts and breaches of duty by Defendant.

LAW OFFICES
SOMMERS SCHWARTZ, P.C.
ONE TOWNE SQUARE • 17TH FLOOR • SOUTHFIELD, MICHIGAN 48076 • (248) 355-0300

-7-

WHEREFORE, Plaintiff Nicole Daniels claims judgment against Defendant Delta Air Lines, Inc., in an amount exceeding $25,000, together with costs, interest, and attorney fees so wrongfully incurred.

        Respectfully submitted,

        SOMMERS SCHWARTZ, P.C.

        By: /s/ Benjamin J. Wilensky
            Arvin J. Pearlman (P18743)
            Benjamin J. Wilensky (P75302)
            Attorneys for Plaintiff
            One Towne Square, 17th Floor
            Southfield, MI 48076
            (248) 355-0300
            apearlman@sommerspc.com

Dated: December 16, 2021        bwilensky@sommerspc.com